[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12263
Non-Argument Calendar

_____

D. C. Docket No. 06-81018-CV-KLR

STG SECURE TRADING GROUP, INC.,

Plaintiff,

ALAN DAVID WEINER,

Interested Party-Appellant,

versus

SOLARIS OPPORTUNITY FUND, LP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 21, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Alan David Weiner appeals the district court's April 16, 2007 order confirming the arbitration award issued to Solaris Opportunity Fund, LP ("Solaris") by the National Association of Securities Dealers ("NASD"). On October 25, 2006, NASD ruled that STG Secured Trading Group ("STG, Inc.") and Weiner were jointly and severally liable for over $2 million in unpaid funds from a prior settlement agreement between Solaris, STG Secure Trading Group, LLC ("STG, LLC"), and the principals of STG, LLC: Weiner and Scott Budner.

Solaris subsequently filed two separate motions. On November 10, 2006, Solaris moved to reopen, reconsider, or vacate the district court's November 1, 2006 order to allow NASD to clarify the scope of the arbitration award. Specifically, Solaris moved the NASD panel to modify the award to correct several factual discrepancies, including an incorrect designation of a counselor's name. Solaris also sought to modify the arbitration award to reflect that both STG, LLC and STG, Inc. are liable for the unpaid funds.

On December 22, 2006, Solaris also filed another motion to confirm the arbitration award and direct entry of judgment against Weiner. On March 12, 2007, nearly four months later, Weiner responded to Solaris's application and moved to stay proceedings pending NASD's final amendments to the award, or

2

alternatively, to vacate the October 25th arbitration award.

In a single order entered on April 13, 2007, the district court granted Solaris's motion to vacate the November 1, 2006 order and stayed further proceedings until the NASD panel resolved the motions pending before it, clarifying the scope of its decisions as to which entity or entities the award applies. The court also granted Solaris's motion to confirm the arbitration award against Weiner. Declining to address whether Weiner's motion was untimely, the district court found that Weiner failed to show that the arbitrators were guilty of misconduct in refusing to postpone the arbitration hearing, such that the award should be vacated per 9 U.S.C. § 10(a)(3).[1] Because the Sixth Amendment does not guarantee an absolute right to counsel in civil proceedings, the district court concluded that the panel did not abuse its discretion, under NASD Rule 10318,[2] to proceed with the arbitration when Weiner, after due notice, failed to appear at the hearing and claimed to lack counsel.[3] Consequently, the court denied Weiner's

---

[1] Under 9 U.S.C. § 10(a)(3), the district court may vacate an arbitration award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown."

[2] NASD Rule 10318 provides:
If any of the parties, after due notice, fails to appear at a hearing or at any continuation of the hearing session, the arbitrators may, in their discretion, proceed with the arbitration of the controversy. In such cases, all awards shall be rendered as if each party had entered an appearance in the matter submitted.

[3] Weiner, Budner, and STG, Inc. had given written consent to be represented in the Solaris arbitration by David J. Feingold, Esq., of Feingold and Kam, LLC. On October 6, 2006,

request, and it entered a final judgment against him on April 16, 2007.

"On an appeal of a district court's decision to confirm or vacate an arbitration award, we review the district court's resolution of questions of law de novo and its findings of fact for clear error." *Rintin, Corp., S.A. v. Domar, Ltd.*, 476 F.3d 1254, 1258 (11th Cir. 2007). Upon careful review of the record and parties' briefs, we find no reversible error. The district court correctly concluded that Weiner failed to show that the arbitrators were guilty of misconduct. The court also correctly found that the NASD panel did not abuse its discretion in proceeding with the arbitration.

For these reasons, we affirm the district court's April 13, 2007 order, as it relates to Appellant Weiner.

AFFIRMED.

---

before the final NASD hearing, Feingold was forced to withdraw as counsel for all the respondents because Weiner filed a separate lawsuit against Budner, serving him the day before. The NASD panel held an emergency hearing on the parties' requests to postpone the arbitration proceedings. Budner appeared, with counsel, and requested postponement as to his liability. Weiner failed to appear, and the panel denied Weiner's request. The panel then conducted an evidentiary hearing on Solaris's claims, ultimately entering an award against Weiner and STG, Inc.